# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRTICT OF TENNESSEE
# EASTERN DIVISION

JONATHAN LUTTRELL, BRANDON ALLEN,
JOSHUA ALLEN, JUSTIN BRYANT,
JEFF HILL, DEITRICK MASON,
and PATRICK PERRY

    Plaintiffs,

vs.

HARDEMAN COUNTY, TENNESSEE,
GOVERNMENT and JIMMY SAIN, Individually
and IN HIS CAPACITY AS MAYOR OF
HARDEMAN COUNTY, TENNESSEE.

    Defendants.

No.   1:21-cv-01098
       JURY DEMANDED

## COMPLAINT

COMES NOW Plaintiffs, Jonathan Luttrell, Brandon Allen, Joshua Allen, Justin Bryant, Jeff Hill, Deitrick Mason and Patrick Perry, by and through their attorneys, William C. Sessions and Frances Hildebrand Sessions, and the Sessions Law Firm, PLLC, and file this Complaint and allege the following:

Jonathan Luttrell, Brandon Allen, Joshua Allen, Justin Bryant, Jeff Hill, Deitrick Mason and Patrick Perry (collectively "Plaintiffs") bring this action against the Defendants, Hardeman County Government and Jimmy Sain, Individually, and in his official capacity as Mayor of Hardeman County, Tennessee (hereinafter "Defendants") and state as follows:

    1.    This action is brought by Plaintiffs for purposes of obtaining relief under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq., and Tennessee law to recover from Defendants for unpaid overtime compensation, unpaid back wages, interest thereon, liquidated

damages, costs of suit, attorneys' fees, front pay, and reasonable attorney's fees and costs and/or any such other relief the Court may deem appropriate.

2. Defendants have willfully violated the FLSA by intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA and its implementing regulations over the course of the last three years. This action arises from Defendants' failure to include all statutorily required forms of compensation in the "regular rate" used to calculate Plaintiffs' overtime compensation and failure to pay the Plaintiffs all compensation for work performed which is legally owed to them under the FLSA, Tennessee law, and the terms and conditions of their employment.

**PARTIES**

3. Plaintiff, Jonathan Luttrell, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Luttrell was a deputy sheriff for Hardeman County Sheriff's Office.

4. Plaintiff, Brandon Allen, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Allen was a deputy sheriff for Hardeman County Sheriff's Office.

5. Plaintiff, Josh Allen, is an adult resident of McNairy County, Tennessee. During the applicable statutory period, Plaintiff Allen was a deputy sheriff for Hardeman County Sheriff's Office.

6. Plaintiff, Justin Bryant, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Bryant was a deputy sheriff for Hardeman County Sheriff's Office.

7. Plaintiff, Jeff Hill, is an adult resident of Hardeman County, Tennessee. During

the applicable statutory period, Plaintiff Hill was a deputy sheriff for Hardeman County Sheriff's Office.

8. Plaintiff, Deitrick Mason, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Mason was a deputy sheriff for Hardeman County Sheriff's Office.

9. Plaintiff, Patrick D. Perry, is an adult resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Perry was a deputy sheriff for Hardeman County Sheriff's Office.

10. Defendant, Hardeman County Government ("Hardeman County Government"), is a political subdivision organized and existing under the laws of the State of Tennessee. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

11. Defendant, Jimmy Sain, ("Sain") is an adult resident of Hardeman County, Tennessee, who is being sued Individually and in his Capacity as Mayor of Hardeman County, Tennessee. During the applicable statutory period, Defendant Sain was the mayor of Hardeman County and can be served at 100 North Main Street, Bolivar, Tennessee, 38008.

12. Each of the Defendants is a joint employer of the Plaintiffs for the time period in which each defendant was either an employer or acted in the interest of an employer. Each defendant is jointly and severally liable for any damages owing to the Plaintiffs, including back pay, liquidated damages and attorneys' fees.

**JURISDICTION AND VENUE**

13. This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. § 201, *et. seq.*, to recover from Defendants unpaid regular and overtime compensation and any other

compensation for work performed for Defendants for which they have not been compensated, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This Court has jurisdiction over this action pursuant to the FLSA, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. §§ 207, 216(b).

14. This Court has personal jurisdiction as to Plaintiffs, who are residents of Hardeman County, and McNairy County, Tennessee.

15. This Court has personal jurisdiction as to Defendants, who do business in the State of Tennessee and reside in the State of Tennessee, pursuant to the facts and circumstances set forth hereinbelow.

16. This Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this Court as Defendants may be found in this judicial district as they do business in this district, and the facts and circumstances which give rise to the causes of action contained in this Complaint occurred in Hardeman County and this judicial district.

18. Plaintiffs are current Hardeman County Sheriff Deputies and employees of Hardeman County Government and are covered, non-exempt, employees under the FLSA.

## STATEMENT OF FACTS

19. Plaintiffs Luttrell, Brandon Allen, Josh Allen, Bryant, Hill, Mason and Perry, have been at all times herein, employed by Defendant Hardeman County in the position of Sheriff Deputy.

20. Plaintiff's bring this action for a declaratory judgment, back pay, and other relief under the FLSA to remedy Defendant's willful, intentional and unlawful violations of federal

4

law. 29 U.S.C. §§ 207, 216(b).

21. At all times material herein, Plaintiffs were "employees" within the meaning of the FLSA, *id*. § 203(e)(1).

22. Defendant Hardeman County, is a political subdivision organized under the laws of the State of Tennessee, with the power to sue and be sued in its own name, and at all times material hereto, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, *id*. §§ 203(x), 203(d).

23. At all times relevant hereto, each Plaintiff was hired by the Hardeman County Sheriff's Office and was told that they were being hired at an hourly rate, as an hourly employee.

24. The Sheriff's Office Personnel Policy sets forth that the pay period for Plaintiffs is a seven (7) day work week.

25. Hardeman County Sheriff's Department determined the work schedules for the Plaintiffs, directed their actions and activities, had exclusive authority to hire and fire, determined their rate of pay and kept the individual time records for hours worked by each employee.

26. Plaintiffs submitted their bi-weekly time report sheets to Hardeman County Sheriff's Department every two weeks.

27. Hardeman County Sheriff's Office reviewed and signed Plaintiffs' bi-weekly time reports, then submitted the time reports to Defendant Mayor Sain's office.

28. At all times relevant hereto, Plaintiffs were paid every two weeks with funds deposited by Defendant Hardeman County Government into their respective bank accounts by "direct deposit." and provided with a direct deposit pay slip from Hardeman County Government.

29. The direct deposit pay slips provided to Plaintiffs by Defendant Hardeman County Government did not (and currently do not) show the hourly rate being paid to the employees for their regular pay. When overtime was paid, the overtime rate utilized was/is indicated on the pay slip however, the regular rate of pay was/is not.

30. At all times relevant hereto, Defendant Hardeman County Government was the employer of all Plaintiffs as defined in 29 C.F.R. 791.2.

31. Defendants have been involved in litigation pursuant to the FLSA regarding their failure to lawfully, correctly and timely pay the Hardeman County sheriff deputies, dispatchers and correctional officers for overtime worked since May 29, 2019.

32. Defendants have, for years, paid the employee sheriff deputies their overtime whenever they (Defendants) have felt like paying it. At times Defendants have held the deputy's overtime for months before paying them.

33. Defendants are aware and have knowledge that they are to pay the employees their overtime in the next paycheck.

34. Plaintiffs were to be paid on June 11, 2021, for hours worked during the two-week work week of May 22, 2021 through June 4, 2021.

35. Plaintiffs were to be paid on June 25, 2021, for hours worked during the two-week work week of June 5, 2021 through June 18, 2021.

36. On May 21, 2021, Sheriff Doolen submitted a proposed budget amendment to Defendant Sain for $20,000.00, to cover overtime for the remainder of the fiscal year. (See Ex. A Sheriff proposed budget amendment of May 21, 2021).

37. The County budget committee and County Commission are aware that Sheriff Doolen had previously filed suit regarding the budget for the Sheriff's Office. Further, they are

6

aware that the Sheriff's Office is understaffed and to make up for the lack of deputies, the current deputies are having to work overtime.

38. During the work period of May 22, 2021 through June 4, 2021, Plaintiff Josh Allen submitted time sheets evidencing that he worked one hundred eleven (111) hours, with thirty-one (31) of these hours being overtime. On his next paycheck, June 11, 2021, he was paid for only eighty (80) hours.

39. During the work period of May 22, 2021 through June 4, 2021, Plaintiff Jeff Hill submitted time sheets evidencing that he worked one hundred seven (107) hours, with twenty-seven (27) of these hours being overtime. On his next paycheck, June 11, 2021, he was paid for only eighty (80) hours.

40. During the work period of May 22, 2021 through June 4, 2021, Plaintiff Patrick Perry submitted time sheets evidencing that he worked eighty-eight and one-half (88.5) hours and took an eight (8) hour holiday day. Plaintiff Perry should have been paid for ninety-six and one-half (96.5) hours with eight and one-half (8.5) hours of overtime. On his next paycheck, June 11, 2021, he was paid for only eighty-seven and one-half (87.5) hours.

41. Defendants deducted eight (8) hours of holiday time from Plaintiff Perry's accrued holiday time but did not pay him for this. Further, Defendants did not pay Plaintiff Perry for all of his worked overtime.

42. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Jonathan Luttrell submitted time sheets evidencing that he worked one hundred seventeen (117) hours, with thirty-seven (37) of these hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

43. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Brandon

7

Allen submitted time sheets evidencing that he worked eighty-seven (87) hours, with seven (7) hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

44. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Josh Allen submitted time sheets evidencing that he worked ninety-two (92) hours, with twelve (12) of these hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

45. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Justin Bryant submitted time sheets evidencing that he worked one hundred twelve (112) hours, with thirty-two (32) of these hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

46. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Patrick Perry submitted time sheets evidencing that he worked eighty-seven (87) hours, with seven (7) of these hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

47. During the work period of June 5, 2021 through June 18, 2021, Plaintiff Deitrick Mason submitted time sheets evidencing that he worked ninety-one (91) hours, with eleven (11) of these hours being overtime. On his next paycheck, June 25, 2021, he was paid for only eighty (80) hours.

48. Each year the Hardeman County Sheriff submits a budget proposal to the Hardeman County Commission from which the County allocates funds for him to operate his Sheriff's Office from (for the upcoming fiscal year).

49. One of the Sheriff's budgetary line items is for overtime. If/when it becomes

necessary for the Hardeman County Sheriff to need more money to cover overtime then he or his designee will prepare and submit a proposed budget amendment requesting whatever amount of funds he believes is necessary.

50. The Sheriff submits a proposed budget amendment to the County Mayor who, in turn, is supposed to submit that proposed budget amendment to the County budget committee.

51. Only the Sheriff or his designee can submit a request for a budget amendment for the Sheriff's Office for payroll/overtime amendments.

52. Over the past several weeks, Hardeman County Sheriff John Doolen, or his designee, have submitted numerous proposed budget amendments to the County Budget Committee and/or County Commission which have been altered or modified by Defendant Sain after having been signed by Sheriff Doolen or his designee.

53. On June 8, 2021, three days before the June 11, 2021 payday, Linda Ervin, human resource manager and employee of Defendant Sain, sent an email to Sheriff Deputy Brian Vandiver, Captain over administration for the Sheriff's Office, advising that the Sheriff's Office did not have the necessary funds in the overtime budget line to cover overtime for that pay period and therefore some deputies would not be paid for their overtime. (See Ervin Email Ex. B).

54. Ms. Ervin was aware of the May 21, 2021 proposed amended budget on June 8, 2021.

55. Rather than call a meeting of the budget committee to avoid violating the FLSA, Defendant Sain had his representative, Ervin, request the Sheriff's Office identify which deputies they were designating to not be paid for their overtime worked for that pay period.

56. The May 21, 2021 budget amendment, submitted by Sheriff Doolen for

9

$20,000.00 was then replaced by a budget amendment prepared by Defendant Sain. (Ex C. Defendant Sain proposed budget of June 15, 2021).

57. Without Sheriff Doolen's authority or notice to him, Defendant Sain presented his own proposed budget for the Sheriff's Office, in direct violation of T.C.A. § 5-9-407, to the budget committee, for $1,588.52

58. The budget amount presented by Defendant Sain would not cover the overtime to finish out the fiscal year but, rather, would cover only that specific pay period. Defendant Sain knew at the time that he drafted his own budget proposal for the Sheriff's Office that the amount was not sufficient to cover the remainder of the fiscal year.

59. On June 15, 2021, the Hardeman County Budget Committee approved Defendant Sains proposed budget amendment of $1,588.52 for the Sheriff's Office overtime even though they knew there was more overtime owed than what they approved.

60. Following the budget committee meeting on June 15, 2021, the Hardeman County Commission approved Defendant Sain's proposed budget of $1,588.52.

61. Defendant Sain, the budget committee and the County Commission made a decision to not meet between May 22, 2021 and June 11, 2021thus ensuring their violation of the FLSA. The Defendants intentionally and willfully refused to fund the necessary overtime in a timely manner.

62. On June 24, 2021, Plaintiff Justin Bryant's confronted Defendant Sain regarding his not being paid his overtime in his paycheck.

63. Defendant Sain told Plaintiff Bryant that the reason he had not been paid for his overtime was because of Sheriff Doolen's proposed budget amendment did not cover all that was owed.

64. At the time Defendant Sain made this statement he was aware that not only had Sheriff Doolen submitted a proposed budget amendment that would have sufficiently covered the employees' overtime for the remainder of the fiscal year, he knew that he had unlawfully altered and changed the proposed budget amendment.

65. The actions of Defendant Sain in not paying the Plaintiff Sheriff Deputies their overtime in their next paychecks are intentional and willful and have been done with malice towards the Plaintiffs and Sheriff Doolen.

## COUNT I

### FAILURE TO PAY ONE AND ONE-HALF TIMES REGULAR RATE OF PAY: ON-THE-CLOCK OVERTIME WORK

66. Plaintiffs hereby incorporate by reference paragraphs 1 through 65 in their entirety and restates them herein.

67. During the times that Plaintiffs have worked in excess of 40 hours in a week, Defendants have compensated work time at a rate that is less than their regular rate of pay. In the most recent paychecks, Defendants did not pay the Plaintiffs for any hours worked over 40 in the work week.

68. Section 7(a) of the FLSA, *id.* §207(a)(1), provides that employees shall be paid overtime compensation at a rate of not less than one-and-one half times their regular rate of pay for all hours worked in excess of forty 40 hours per work week.

69. Defendants have violated, and continue to violate FLSA §207(a)(1) by failing and refusing to compensate Plaintiffs at a rate of not less than one-and-one half times the regular rate at which the Plaintiffs are employed in workweeks in which Plaintiff work 40 or more hours per week.

70. Defendant's violations of the FLSA have been done in a willful, intentional and

bad-faith manner.

71. As a result of the Defendant's willful, intentional and purposeful violations of the FLSA, Plaintiffs are due and owing for the hours worked and not paid.

72. Pursuant to FLSA §216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their back-pay damages for the Defendant's failure to pay overtime compensation.

73. Plaintiffs are entitled to recover attorneys' fees and costs under FLSA §216(b).

74. Plaintiffs are entitled to punitive damages due to the willful, intentional, illegal and malicious acts of Defendant Sain.

## DEMAND FOR A JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that this Court impanel a jury to try their claims.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

A. Issue process against Defendants and require them to answer within the period provided by law;

B. Enter judgment declaring that Defendants have willfully, intentionally and wrongfully violated their statutory obligation and deprived Plaintiffs of their rights;

C. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

D. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) hours per week;

E. Judgment against Defendants that its violations of the FLSA were willful;

F. Awarding Plaintiffs liquidated damages in an amount equal to overtime award;

G. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

H. Awarding Plaintiffs pre and post-judgment interests;

I. Awarding Plaintiffs all damages to include back pay and front pay that are available to them under the law;

J. Awarding Plaintiffs punitive damages; and

K. For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.

PLAINTIFFS DEMAND A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 28th day of June, 2021.

**SESSIONS LAW FIRM, PLLC.**

By: /s/ William C. Sessions
William C. Sessions, III (TN #15017)
Frances Hildebrand Sessions (TN #16896)
*Attorneys for Plaintiffs*
8756 Chaffee Road, P.O. Box 331
Brunswick, Tennessee 38014
(901) 848-9654

Wsessions@SessionsLawPllc.com
Bsessions@SessionsLawPllc.com